UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ATTACHMENT 1

PLAINTIFF
Robert M. Haddad

V.

CIVIL ACTION
NO._____

DEFENDANTS
- Jenifer DeCristofaro and Lovenberg and Associates
- Douglas Lovenberg

## COMPLAINT

### Parties

1. Plaintiff, Robert M. Haddad, Pro Se, is a resident of Boston, Suffolk County, Massachusetts and is a citizen of the United States.

2. Defendant, Jenifer DeCristofaro and Lovenberg and Associates (11 Beacon Street, Boston, Suffolk County, Massachusetts).

3. Defendant, Douglas Lovenberg (11 Beacon Street, Boston, Suffolk County, Massachusetts).

## Jurisdiction

## (Pursuant to 28 U.S.C. § 1331)

4. <u>PREAMBLE TO THE CONSTITUTION</u> "establish justice"

5. <u>ARTICLE III, Sec. 2</u> "The judicial power shall extend to all cases . . . under this Constitution . . . "

6. <u>ARTICLE IV, Sec. 2</u> "the citizens of each state shall be entitled to all privileges. . . as the citizens in the several states."

7. <u>AMENDMENT I</u> "Redress of Grievances." (Judicial Review of Lower Courts --- please see Issues and Points with respect to which Judicial Review is sought (BRIEF, pp. 1-2) (FAR Applications, pp. 8, 9, 10)).

8. <u>MGL 12 [ 11 (I) ]</u> (Addendum A.2); The <u>Civil Rights Act of 1871 (NOW SEE 42 U.S.C. 1983)</u> (Addendum A.11); <u>AMENDMENT XIV</u>; "equal protection" and "due process" clauses (deprived of Civil Rights --- Loss of CounterClaims (APP. 23-31)).

9. <u>AMENDMENT IX</u> "denied other rights retained by the people." (denied adequate and effective contractual professional legal assistance).

10. <u>AMENDMENT VII</u> "In suits at common law, the right of Trial By Jury shall be preserved." <u>AMENDMENT XIV</u> "equal protection" and "due process" clauses, and since the question of negligence, legal malpractice and collusion is one for a jury to decide, the Massachusetts High Court was remiss and in error where they denied Plaintiff Haddad Further Appellate Review, denied "due process," denied "equal protection" and denied the Right of Trial By Jury.

### Facts

11. Submissions --- with the pleasure of the Federal District Court, Plantiff Haddad requests to cross-reference from, the BRIEF and the RECORD APPENDIX submitted at the Massachusetts Appeals Court;

    Notations from the Brief will appear in the FEDERAL COMPLAINT as:
    (ARGUMENT A, B, C and/or D)

Notations from its Addendum as:

(ADDENDUM A.1) etc.

Notations from the Record Appendix as:

(APP. 1) etc.

Plaintiff Haddad has also submitted to this FEDERAL COURT the APPLICATION FOR FURTHER APPELLATE REVIEW (FAR APPLICATION) with ADDENDUM (FAR ADDENDUM), which was denied at the Massachusetts High Court (6-9-10).

Please see Massachusetts Court Rulings (ADDENDUM A23-34 and pp. 14-18 of this Federal Complaint).

12. On September 15, 2003, Jenifer DeCristofaro and Lovenberg and Associates entered into a contract with Plaintiff Haddad whereby Jenifer DeCristofaro and Lovenberg and Associates agreed to faithfully and with due diligence, defend Plaintiff Haddad against the Landlord Bina (APP. 183-185) [At the Boston Housing Court Trial of October 9th, 2003. Bina and Haddad were the only witnesses. Plaintiff Haddad lost CounterClaim (APP. 32-34)].

13. Jenifer DeCristofaro and Lovenberg and Associates committed negligence, legal malpractice and collusion where they failed to exercise Reasonable Care and Skill, where they failed to provide effective and adequate assistance and where they breached their professional legal duty in their defense of Plaintiff Haddad at the Landlord Tenant Trial of October 9th, 2003, Judge Pierce presiding. (APP. 32-34) (ARGUMENT C).

14. Jenifer DeCristofaro and Lovenberg and Associates committed negligence, legal malpractice and collusion, where they introduced, as proof and evidence, only one (1) document (August 1st, 14 Day Notice to Quit) Haddad Exhibit 4, (APP. 100) at Trial, in their defense of Plaintiff Haddad. Attorney Russo submits Bina Exhibits 1, 2, 3, 5 (APP 100).

15. Jenifer DeCristofaro and Lovenberg and Associates committed negligence, legal malpractice and collusion where they <u>failed to produce</u> and submit as proof and evidence, at trial, the Boston Housing Inspectional Services Department (BHISD) documents (APP. 130-136) in their defense of Plaintiff Haddad (ARGUMENT C) (APP. 100).

16. Jenifer DeCristofaro and Lovenberg and Associates committed negligence, legal malpractice and collusion where they <u>failed to produce</u> and submit as

proof and evidence, at trail the remainder of Haddad's documentary file. (APP. 118-153) (ARGUMENT C) (APP. 100).

17. Without an Expert, Plaintiff Haddad <u>will</u> show what Jenifer DeCristofaro and Lovenberg and Associates <u>should</u> have done differently at trial, the causal link, and <u>will</u> prove the "case within a case" concept, which <u>would</u> have had the <u>probability</u> of success.

18. Without an Expert, Plaintiff Haddad <u>will</u> prove the evidentiary value of BHISD documents.

19. Without an Expert, Plaintiff Haddad <u>will</u> show that the exercise of reasonable care <u>mandates</u> that <u>BHISD documents</u> (and other documentary evidence) be <u>produced</u> and submitted as <u>proof</u> and evidence at Trial.

20. Without an Expert, Plaintiff Haddad <u>will</u> establish the necessary foundations for the allegations.

21. Without an Expert, Plaintiff Haddad <u>will</u> show that all essential elements and genuine issues <u>would</u> have been proven.

22. Without an Expert, Plaintiff Haddad <u>will</u> show that Jenifer DeCristofaro and Lovenberg and Associates departed from the legal and common law rationale of Reasonable Care and Skill and Adequate Assistance and that departure was a breach of their Legal and Common Law Duty and that the breach was the proximate cause of the loss of the CounterClaims.

**Plaintiff Haddad has ---**

23. Without an Expert, shown that BHISD documents (APP. 130-136) are the Heart and Soul of the Landlord Tenant Laws. (ARGUMENT A).

24. Without an Expert, proved the evidentiary value of BHISD documents. (ARGUMENT A and D), (MGL 239(8A) ADDENDUM A 7).

25. Without an Expert, provided four (4) necessary foundations for the allegations. (ARGUMENT D, pp. 42-46).

26. <u>Necessary Foundation</u> (1), <u>Landlord Tenant Laws</u> (ADDENDUM A3-10) BHISD documents form the basis for and are specifically encoded into the Landlord Tenant Laws (ARGUMENT A). The language is <u>clear</u>, <u>concise</u> and <u>simple</u> and a Lay Person and a Jury at Trial with common sense,

common knowledge and without an expert would recognize the importance, significance and relevancy of BHISD documents with a simple reading of the laws. These laws are invoked, summoned and become applicable <u>only if</u> BHISD documents are <u>produced as evidence</u> at Trial (MGL 239(8A) ADDENDUM 7). The Landlord Tenant Laws <u>prove the evidentiary value of BHISD documents</u> and <u>mandate</u> their introduction as <u>proof</u> and evidence at Trial. (MGL 239(8A) ADDENDUM A 7).

27. <u>Necessary Foundation</u> (2), <u>CounterClaims document</u> (APP. 23-31) The Landlord Tenant Laws, which are based on BHISD INSPECTION, are incorporated in and <u>legally support</u> the CounterClaim document only if BHISD documents are <u>produced</u> and submitted as <u>proof</u> and evidence as prescribed (MGL 239(8A) ADDENDUM 7). The CounterClaim document drawn up by Jenifer DeCristofaro and Lovenberg and Associates mentions, emphatically and extensively, the inspection conducted by BHISD. The CounterClaims document <u>proves the evidentiary value of BHISD documents and mandates</u> these BHISD documents be produced and submitted as <u>proof</u> and evidence at Trial. (MGL 239(8A) ADDENDUM A 7).

28. <u>Necessary Foundation</u> (3) <u>Judge Pierce's remark, "Haddad did not produce BHISD documents</u>." (APP. 33)  The logical and common sense meaning of this remark is how important and significant Judge Pierce considered BHISD documents.  The remark shows Judge Pierce anticipated and expected that BHISD documents <u>would</u> be introduced as evidence at Trial. The remark shows that Jenifer DeCristofaro and Lovenberg and Associates <u>should</u> have introduced as evidence, the BHISD documents and if they had, those BHISD documents would have, <u>obviously</u>, been relevant and admissible.  Judge Pierce's remarks <u>prove the evidentiary value of BHISD documents</u> and <u>mandates</u> their introduction as <u>proof</u> and evidence at Trial.d (MGL 239 (8A) ADDENDUM A 7).

29. <u>Necessary Foundation</u> (4) <u>Attorney Russo's Closing Argument</u> "<u>No evidence was introduced whatsoever.</u>" (APP. 177, 178, 179). <u>Attorney Russo's Closing Argument</u> is <u>obvious</u> and <u>direct</u> evidence that the negligent omission of documentary evidence (BHISD documents APP. 130-136 and other documents APP. 118-153) caused Plaintiff Haddad to lose the probability of success at Trial and caused the proximate loss of the CounterClaims, if not the actual and direct loss of the CounterClaims (Judgment APP. 32-34).

9

Attorney Russo's Closing Argument and the Trial Judgment (APP. 32-34) provide obvious and direct evidence that Jenifer DeCristofaro and Lovenberg and Associates departed from their requisite standard of Reasonable Care and Skill and Adequate Assistance and that breach of duty was the proximate cause of the loss of CounterClaims.

Attorney Russo's Closing Argument and the Trial Judgment (APP. 32-34) provide obvious and direct evidence that Jenifer DeCristofaro and Lovenberg and Associates provided NO ASSISTANCE and that their negligence was obvious, egregious and harmful.

30. A Lay Person and a Jury at Trial, with common sense, common knowledge and without an Expert, would recognize that Defense Attorneys, at Trial, produce and submit documents as proof and evidence to defend their clients; would recognize, without an Expert, that Jenifer DeCristofaro and Lovenberg and Associates should have produced and submitted as proof and evidence, at Trial, relevant and admissible documents, BHISD documents (APP. 130-136) and other documents (APP. 118-153) to corroborate their Client Haddad's testimony; expose Landlord Bina's transgressions, impugn Landlord Bina's integrity; buttress, support and prove their CounterClaim document; and rebut Attorney Russo's Closing Argument (ARGUMENT B); and that their negligence to do so was

obvious, egregious and harmful and would infer legal malpractice and collusion.

31. This is what Jenifer DeCristofaro and Lovenberg and Associates should have done differently at Trial --- the Causal Link --- which would have had a more favorable impact on Judge Pierce's Findings and Judgment and which would have achieved the probability of success, if not total success.

1st STEP – produce and submit as proof and evidence, BHISD documents as prescribed (MGL 239(8A) ADDENDUM A 7).

2nd STEP – produce and submit as proof and evidence, other documentation (APP. 118-153) to prove all essential elements and all genuine issues of the CounterClaims (ARGUMENT B). (Except Emotional Distress).

Plaintiff Haddad has proved, without an Expert, the "Case within a case" concept. Plaintiff Haddad has proved, without an Expert, Jenifer DeCristofaro and Lovenberg and Associates did not follow the simple, straightforward two-(2)-step process. Hence, Plaintiff Haddad has, without an Expert, proved Jenifer DeCristofaro and Lovenberg and Associates

11

committed NEGLIGENCE, LEGAL MALPRACTICE AND COLLUSION.

32. The Massachusetts Appeals Court established precedent in 1981, where they ruled <u>defendant-client</u> (Plaintiff Haddad) does not bear the burden of proof. <u>Defending lawyers</u> (Jenifer DeCristofaro and Lovenberg and Associates) have the burden of proving <u>defendant-client</u> (Plaintiff Haddad) had <u>no defense</u> <u>and CounterClaim,</u> absent the alleged negligence.
So if Jenifer DeCristofaro and Lovenberg and Associates had not been negligent and produced and submitted as proof and evidence at Trial, these BHISD documents as prescribed (239 (8A) ADDENDUM A 7) (ARGUMENT A) (ADDENDUM 2-11) <u>defendant-client</u> Plaintiff Haddad would have had a <u>defense and CounterClaim</u>. (239 (8A) ADDENDUM A 7).  Please see <u>Glidden vs. Terranova</u> 427 N.E. 2d 1169 12 MASS. A. C. 597 (1981) (ADDENDUM A 12-17).

33. All damages are reasonable and foreseeable.  Plaintiff Haddad seeks recovery of contracted legal fees, transcription expenses, printing expenses, court filing fees, seeks punitive damages as the negligence was obvious, egregious, harmful and intentional, awarded all CounterClaims (except emotional distress) and any other redress this Federal Court may deem

necessary to prevent this negligent behavior in the future. (Please see

ARGUMENT E).

Because the question of negligence, legal malpractice and collusion is one

for a Jury to decide, Plaintiff Haddad requests this Honorable Federal Court

allow this case to proceed to Jury Trial.

*At the pleasure of this Federal Court,*

*Respectfully Submitted,*
*Robert M. Haddad*
*Robert M. Haddad, Pro Se*

Robert M. Haddad, Pro Se
19 Myrtle Street #406
Boston, MA 02114
617.248.9583

# Supreme Judicial Court for the Commonwealth of Massachusetts
## John Adams Courthouse
One Pemberton Square, Suite 1400, Boston, Massachusetts 02108-1724
Telephone 617-557-1020, Fax 617-557-1145

TO:  Robert Haddad
     19 Myrtle Street, #406
     Boston, MA 02114

RE:  No. FAR-18505

**ROBERT HADDAD**
       vs.
**JENIFER DECRISTOFARO & another**

NOTICE OF DOCKET ENTRY

Please take note that on June 9, 2010, the following entry was made on the docket of the above-referenced case:

DENIAL of petition to reconsider denial of FAR application.

Susan Mellen, Clerk

Dated: June 9, 2010

To:  Robert Haddad
     Christopher P. Flanagan, Esquire

4

## Supreme Judicial Court for the Commonwealth of Massachusetts
### John Adams Courthouse
One Pemberton Square, Suite 1400, Boston, Massachusetts 02108-1724
Telephone 617-557-1020, Fax 617-557-1145

Robert Haddad
19 Myrtle Street, #406
Boston, MA 02114

RE.  Docket No. FAR-18505

**ROBERT HADDAD**
     **vs.**
**JENIFER DECRISTOFARO & another**

Boston Municipal No. 200601CV004732
A.C. No. 2009-P-0519

NOTICE OF DENIAL OF F.A.R. APPLICATION

Please take note that on 04/28/10, the above-captioned Application for Further Appellate Review was denied.

Susan Mellen, Clerk

Dated: April 28, 2010

To: Robert Haddad
    Christopher P. Flanagan, Esquire

15

# COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT CLERK'S OFFICE
John Adams Courthouse
One Pemberton Square, Suite 1200
BOSTON, MASSACHUSETTS 02108-1705
(617) 725-8106

January 15, 2010

Robert Haddad
19 Myrtle Street, #406
Boston, MA 02114

RE:   No. 2009-P-0519
      Lower Ct. No.: 200601CV004732

**ROBERT HADDAD**
   **vs.**
**JENIFER DECRISTOFARO & another**

NOTICE OF DECISION

Please take note that on January 15, 2010, the court issued the following decision in the above-referenced case:

Decision: Rule 1:28 (T GM V). Decision and order of the Appellate Division affirmed. *Notice. (See image on file.)

A copy of the court's opinion in the case will be available on http://www.massreports.com beginning at 10:00 a.m. today. (If the opinion is identified above as a Full or Rescript opinion, go to the Slip Opinions section of the website, and then choose Appeals Court, Opinions. If the opinion is identified as a Rule 1:28 decision, go to the Unpublished Decisions section of the website, and then search for the opinion by specifying its Docket Number, using the format 09-P-123.) The clerk's office will not be mailing a copy of the decision to you.

All counsel and self-represented litigants can register with the Appeals Court to received e-mail notification of certain Appeals Court docket entries (e.g., actions, orders, and decisions) and of the scheduling of an oral argument in an appeal in which they are participating. To register, the attorney or self-represented litigant must send an e-mail containing their name, BBO number (if applicable), and e-mail address to: enoticesignup@appct.state.ma.us . For further information, please refer to the Appeals Court's website, http://www.mass.gov/courts/appealscourt .

Very truly yours,

The Clerk's Office

Dated: January 15, 2010

16

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

09-P-519

ROBERT M. HADDAD

vs.

JENIFER DECRISTOFARO & another[1].

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

The plaintiff appeals the grant of summary judgment against him by the Boston Municipal Court (BMC) and the Appellate Division's affirmance of the BMC's dismissal based on that decision. The underlying action is a malpractice claim against the plaintiff's attorneys, who represented him before Boston Housing Court. The BMC judge granted summary judgment for the defendants because he found that, as the defendants' performance was not obviously below the standard of care, the plaintiff had to proffer expert testimony to have a "reasonable expectation of proving an essential element of [his] case," and failed to obtain expert evidence relating to the standard of care in housing cases. As such, the plaintiff's suit was ripe for summary judgment and dismissal.

There was no error in the dismissal. Establishing the duty of care is an essential element of a legal malpractice claim. See Correia v. Fagan, 452 Mass. 120, 127 (2008). Moreover, the BMC judge correctly recited the governing legal principle that

---

[1] Lovenberg & Assoc.

/ 7

"[e]xpert testimony is generally necessary to establish that the attorney failed to meet the standard of care owed by an attorney in a particular case." Frullo v. Landenberger, 61 Mass. App. Ct. 814, 817 (2004), quoting from Pongonis v. Saab, 396 Mass. 1005, 1005 (1985). Even viewing the record in a light most favorable to the plaintiff, the BMC judge reasonably concluded that expert testimony was necessary to define the duty of care and demonstrate its breach.

                                Decision and order of the Appellate Division affirmed.

                                By the Court (Trainor, Graham & Vuono, JJ.),

                                Clerk

Entered: January 15, 2010.

18

### GL 239 (8A) Lines 38 – 45

Proof that the premises are in violation of standard of fitness for human habitation established under the State Sanitary Code. . . shall create a presumption that conditions existed on the premises entitling the Tenant to a Counterclaim or defense.

### GL 239 (8A) Lines 45 – 52

Proof of written notice to owner of an inspection of the premises by BOSTON HOUSING INSPECTIONAL SERVICES. . . shall create a presumption that on the date such notice was received such person knew of the conditions revealed by such inspection and mentioned in such notice.