# Commonwealth of Massachusetts
# Supreme Judicial Court

Suffolk County       A.C. No. 2009-P-519

Robert M. Haddad
Appellant

vs.

Jenifer DeCristofaro and Lovenberg and
Associates
Appellees

On Appeal from the Appeals Court
Affirmation of Lower Court Judgments

Application for Further Appellate
Review

*Robert M. Haddad* (signature)

Robert M. Haddad
Pro Se

19 Myrtle Street #406
Boston, Massachusetts
02114
617.248.9583

## I.   REQUEST FOR LEAVE TO OBTAIN FURTHER APPELLATE REVIEW

Robert M. Haddad requests leave to obtain Further Appellate Review.

This application is founded upon substantial reasons affecting the Public Interest and/or the Interest of Justice and to prevent this negligent behavior from occurring in the future.

With the pleasure of this High Court, Appellant Haddad requests to refer extensively to the Brief and Record Appendix submitted at the Appeals Court.

Notations from the Brief will appear as:              (ARGUMENT A, B, C or D)

Notations from the ADDENDUM attached to Brief as:      (ADDENDUM A 1) etc.

Notations from the Record Appendix as:                     (APP. 1) etc.

Appellant Haddad has also submitted an ADDENDUM to the FAR APPLICATION:
                              FAR ADDENDUM

Notations from the FAR ADDENDUM will appear in the FAR APPLICATION as:
                      (FAR ADD. 1) etc.

At the Pleasure of this HIGH COURT,

Thank you. Respectfully, Robert M. Haddad

## II.   Statement of Prior Proceedings

At the Boston Housing Court Hearing of August 1st,
2003 (TAPE TRANSCRIPT, APP. 2-18), the Chief
Justice of the BHC ruled Haddad be allowed to
remain at his apartment (APP. 15-16) until Trial
at the then current rent of $800 (APP. 47).  The
Court also ruled the July 15th Agreement (APP.
137), (GL 186(13) **FAR ADD.** 4) illegal, denied
Bina's Application for TRO and told Bina this
Action was not Summary Process (APP. 12-16) (APP.
146-147) (**FAR ADD.** 27-31).

And at the October 9th, 2003 BHC Landlord-Tenant
Trial, Haddad lost CounterClaims (APP. 32-34).
Haddad attempted to gain, through various Motions
(APP. 154-159) and through the Appellate process
at the Appeals Court (APP. 161-162) and at the
High Court (APP. 163-164), the Reconsideration of
the case and the Expanding of the Record, but was
denied at every turn.

Haddad files a Complaint at the Boston Municipal
Court charging Jenifer DeCristofaro and Lovenberg

2

& Associates with malpractice and entered on the
Case Summary October 4th, 2006 (APP. 166-169).
Haddad was also unsuccessful at the Boston
Municipal Court (APP. 225-228) and at the
Appellate Division of the Boston Municipal Court
(APP. 229-234).

The Appeals Court issued a memorandum January 15th
2010 affirming the Lower Court's rulings.   No
ReHearing is pending at the Appeals Court.

3

### III. Statement of Facts Relevant to the Appeal

- Negligence to Defend

Jenifer DeCristofaro and Lovenberg and Associates submitted only one (1) document as evidence in defense of Appellant Haddad against the Landlord Bina at the October 9th, 2003 Landlord Tenant (Summary Process) Trial.

This was the August 1st, 2003 14 Day Notice to Quit (APP. 100, 109-111) (**FAR ADD.** 41).

This 14 Day Notice to Quit (APP. 109) was drawn and served on Appellant Haddad by Landlord Bina.

That puts Jenifer DeCristofaro and Landlord Bina "on the same page."

Boston Housing Inspectional Service documents and the remainder of Appellant Haddad's documentary file (APP. 118-153) were not produced and submitted as proof and evidence at the Landlord-Tenant Trial of October 9th, 2003 at the BHC (included in this file were four (4)

4

documents submitted by Landlord Bina's lawyer Robert
Russo APP. 100) (**FAR ADD.** **41**).

Jenifer DeCristofaro told me in the early afternoon of
the October 9th BHC Trial that all Appellant Haddad's
documentary evidence had been submitted prior to Trial
on September 19th, 2003 along with the CounterClaims
document (APP. 21-30) (**FAR ADD.** **32-40**).

Not knowing the BHC Landlord-Tenant (summary process)
procedure, that seemed perfectly logical at the time.

As Appellant Haddad testified at the October 9th Trial,
I thought Judge Pierce had the BHISD and other
documents right there on the bench along with the
CounterClaims document.

At the BHC Hearing of August 1st, 2003 amd the BHC
Trial of October 9th, 2003, Landlord Babak Bina and
Appellant Haddad were the only witnesses.

5

## FROM ADDENDUM TO BRIEF SUBMITTED AT APPEALS COURT

- Landlord Tenant Authorities (ADDENDUM 2-11)

  (**FAR ADD.** 2-11)

- Glidden vs. Terranova 427 N.E. 2d 1169 12 MASS
  APP.CT.597(1981)(ADDENDUM 12-17)(**FAR ADD.**12-17)

- Pongonis vs. Saab 396 MASS. 1005 (1985) (ADDENDUM
  18-19) (**FAR ADD.** 18-19)

## FROM RECORD APPENDIX SUBMITTED AT APPEALS COURT

- Boston Housing Inspectional Services Department
  Documents (with cross-referencing from a
  CounterClaim page)(APP.130-136)(**FAR ADD.** 20-26)

- Boston Housing Court Hearing August 1st, 2003 Chief
  Justice Kyriakais presiding (APP. 12-16) (Tape
  Transcript)(**FAR ADD.** 27-31)

- CounterClaims Document (APP. 23-31)(**FAR ADD.** 32-40)

- Trial Exhibit List (APP. 100) (**FAR ADD.** 41)

6

- Judge Pierce Remark, "Haddad did not produce any notice of violations regarding the unit from BHISD." (APP. 33) (**FAR ADD.** 42)

- Attorney Russo's Closing Argument, "All the CounterClaims.  There was no evidence introduced whatsoever."  (APP. 177-178-179) (Tape Transcript) (**FAR ADD.** ~~37-41~~ 43-47)

**FROM THE ARGUMENT SECTION OF THE BRIEF SUBMITTED TO THE APPEALS COURT**

Jenifer DeCristofaro and Lovenberg and Associates had several opportunities during the course of the Trial to produce and submit as proof and evidence, BHISD documents and other relevant documentary evidence to prove the CounterClaims.  THEY CHOSE NOT TO.

(ARGUMENT C)

7

## IV. Statement of Points with Respect to Which Further Appellate Review is Sought

Whether the Lower Courts were in error when they stated Appellants Haddad needed expert testimony to establish the causal connection between Jenifer DeCristofaro's breach of the duty of care and Haddad's damages, establish the evidentiary value of BHISD documents, that Jenifer DeCristofaro breached the duty of care by not <u>producing</u> and submitting as evidence BHISD documents, and that that failure was the actual and direct cause of loss of CounterClaims.

Whether the Lower Courts were in error when they stated "Haddad had Defenses and CounterClaims" at Trial, that "Testimony adduced at Trial was sufficient" and the Omission of BHISD documents was a "strategy."

Whether the Lower Courts were in error when they stated Haddad needed Expert Testimony to establish the necessary foundations for allegations and that reasonable care and skill mandated the introduction of BHISD Documents.

Whether the Lower Courts were in error when they stated, "Haddad could not meet his burden of proof in the malpractice action."

8

Whether the Lower Courts were in error when they stated Haddad bore the burden of proof.

Whether the Lower Courts were remiss and in error when they absolved <u>Defense</u> lawyers Jenifer DeCristofaro and Lovenberg & Associates of their <u>burden of proof</u> arising in a case of negligence and malpractice from their failure to <u>defend</u> at the October 9th 2003 Boston Housing Court Trial.

**<u>Glidden vs. Terranova</u> 427 N.E. 2d 1169 12 MASS. APP. CT 597**

**(1981) (<u>FAR ADD.</u> 12-17)**

Whether the Boston Municipal Court, in allowing the Summary
Judgment (APP. 225-228), was in error when they cited <u>Glidden</u>
and misinterpreted the precedent setting 1981 Appeals Court
Ruling.

Whether, in their affirmation of the allowance of Summary
Judgment, Appellate Division of the BMC and the Appeals Court
was also remiss and in error when they compounded the
misinterpretation of <u>Glidden</u> and disregarded it altogether.

In a malpractice claim of former <u>defendant-client</u> (Appellant
Haddad), <u>Glidden</u> assigns the burden of proof on the <u>defendant-</u>
<u>attorneys</u> (Jenifer DeCristofaro and Lovenberg and Associates),
where they allegedly failed to <u>defend</u> at the October 9th, 2003
BHC Trial.

<u>Defendant-attorneys</u> <u>must</u> prove former <u>defendant-client</u>
(Appellate Haddad) would have had no defense at trail, absent
the alleged negligence.

*10*

**V.**   **STATEMENT INDICATING WHY FURTHER APPELLATE REVIEW**
**IS APPROPRIATE**

**EXPERT OPINION**

**BOSTON HOUSING INSPECTIONAL SERVICE DEPARTMENT**
**DOCUMENTS**

The Legal Cases cited by the Appellate Division of the Boston
Municipal Court, the Boston Municipal Court, and Mr. Flanagan
bear much truth.  But these citations are moot.  They are
trumped and superceded by ---


Glidden vs. Terranova 427 N.E. 2d 1169  12 MASS. APP. CT. 597
(1981).  In an action to recover damages for Malpractice by an
Attorney, the evidence. . . was such that no expert testimony
was required to establish. . . whether the attorney's conduct
violated the standard of reasonable care and diligence, and
consequently it was an error to allow the attorney's Motion for
a directed verdict based upon the absence of expert testimony
(Addendum A 12) **(FAR ADD.** 12-17).


Pongonis vs. SAAB, 396 MASS.1005 (1985). . . . expert testimony
is not essential where the claimed legal malpractice is so gross
and obvious that a layman can rely on their common knowledge to
recognize or infer negligence (Addendum A 18) **(FAR ADD.** 18-19).


*//*

This is not a case that rests on a technicality that needs clarification by an outside expert.  This is not a case where an outside expert is needed to focus on his or her specialized training in, say, a scientific area.

This is a case where the statutes, regulations and codes of the Commonwealth, which cover Landlord-Tenant issues  (See Addendum) define and describe certain behavior as being illegal and retaliatory and are based, invoked, summoned and <u>become applicable only if Boston Housing Inspectional Services Department documents were introduced as evidence at the Boston Housing Court Trial</u> of October 9th 2003 (APP. 130-136) (Addendum A 2-11) (**<u>FAR ADD.</u>** 20-26) (**<u>FAR ADD.</u>** 2-11).

These BHISD documents are so important that Judge Pierce at the October 9th 2003 BHC Trial noted Appellants (Haddad) did not produce any notice of violations regarding the unit from BHISD (APP. 33) (**<u>FAR ADD.</u>** 42).

So <u>obviously</u> they were relevant and admissible if they were introduced as evidence by Jenifer DeCristofaro at the October 9th 2003 Trial.

*12*

The significance of BHISD documents cannot be overstated and nobody can hint, imply or suggest, let alone make a blanket statement, that they were irrelevant and inadmissible at the October 9th 2003 BHC Trial because these BHISD documents form the basis of, and are specifically encoded into, the Landlord-Tenant Laws of the Commonwealth (APP. 130-136) (Addendum 2-11).

### PROOF OF BHISD INSPECTION ENCODED INTO LANDLORD-TENANT AUTHORITIES
(Excerpted from Addendum, A 2-11) **(FAR ADD. 2-11)**

<u>MGL 186(18)</u> --- . . . . tenants act of <u>commencing administrative action</u>. . . . which has as its objective the <u>regulation of residential premises</u>…               (Addendum A 5)   **(FAR ADD. 5)**

<u>MGL 239 2A Lines 14-28</u>  --- materially alter the terms of the tenancy within six months <u>after the tenant has made such report</u>.
                                      (Addendum A 6)   **(FAR ADD. 6)**

<u>MGL 239 (8A) Lines 38-45</u> --- <u>Proof</u> that the premises are in <u>violation of standard of fitness for human habitation</u> . . .
                                      (Addendum A 7) **(FAR ADD. 7)**

*13*

<u>MGL 239 (8A) Lines 45-52</u> --- <u>Proof</u> of written notice to owner of an <u>inspection of premises by Boston Housing Inspectional Services</u> . . . .                    (Addendum A 7) **(FAR ADD. 7)**


<u>940 CMR 3.08(2)</u> --- unfair and deceptive act or practice to fail to perform or fulfill any <u>promise or obligation arising under a warranty</u>.                    (Addendum A 8) **(FAR ADD. 8)**


<u>940 CMR 3.17</u> --- Landlord-Tenant --- It shall be unfair and deceptive act or practice for owner to (Addendum A 8) **(FAR ADD. 8)**


<u>940 CMR 3.17 (1)(B)</u> fail during terms of tenancy <u>after notice is provided</u>. . . .                    (Addendum A 8-9) **(FAR ADD. 8-9)**


<u>940 CMR 3.17 (1) (I)</u> --- fail to <u>comply with State Sanitary Code</u> . . . . after <u>notice of violation of such code</u>. . . . <u>from the agency</u>.                    (Addendum A 10) **(FAR ADD. 10)**


<u>940 CMR 3.17 (6) (B)</u> --- <u>Retaliate or threaten to retaliate</u> in any manner against a tenant for <u>exercising. . . . . any legal rights as set forth under MGL 186 (18)</u>.

                    (Addendum A 10) **(FAR ADD. 10)**


14

These Landlord-Tenant Laws of the Commonwealth also trump and
supercede the legal cases cited by the Appellate Division of the
Boston Municipal Court, the Boston Municipal Court, and Mr.
Flanagan <u>because the language is specific, so very clear,</u>
<u>concise and simple that a layman and a Jury at Trial, with</u>
<u>common knowledge, can understand and recognize without expert</u>
<u>assistance, the importance and significance and purpose of</u>
<u>introducing BHISD documents as evidence at the October 9</u><u>th</u> <u>BHC</u>
<u>Trial</u>.


<u>And such is the case herein.</u>" That a Lay Person and Jury at
Trial, with common sense and without expert assistance, would
also recognize how obvious, how gross and how negligent it would
be to not introduce BHISD documents as proof and evidence at the
October 9th BHC Trial because laws would not be applicable; and
with common sense and without expert assistance, would recognize
and infer the legal malpractice and collusion on the part of
Jenifer DeCristofaro and Lovenberg & Associates (ARGUMENT C).


But Jenifer DeCristofaro and Lovenberg & Associates <u>knew how</u>
<u>important and significant</u> these BHISD documents were, <u>knew how</u>
<u>relevant and admissible</u> these BHISD documents were, as they drew
up a masterful Counterclaims document, based on Appellant's

15

(Haddad) documentary evidence (APP. 23-31) (APP 118-153)
(Argument A) (Addendum 2-11) (**FAR ADD.** 2-11) (**FAR ADD.** 20-26).


They researched the aforementioned authorities that were
incorporated in, and would have legally supported, the
Counterclaims, once the BHISD documents were introduced as
evidence at the October 9th 2003 BHC Trial.  So for Jenifer
DeCristofaro and Lovenberg & Associates <u>to not</u> introduce BHISD
documents and other Appellant's (Haddad) documents as evidence,
which prove the Counterclaims, at the October 9th 2003 BHC Trial,
<u>for any reason whatsoever is absolute nonsense</u>.


Appellant Haddad has,


* Without an expert, shown the BHISD documents (APP. 130-136)
  are the Heart and Soul of the landlord tenant laws of the
  Commonwealth (ARGUMENT A);


* Without an expert, proven the <u>evidentiary</u> value of BHISD
  documents (ARGUMENTS A & D);


* Without an expert, established the <u>necessary foundations</u> for
  the allegations (ARGUMENT D);


*16*

- Without an expert, demonstrated that <u>reasonable care and skill</u> <u>mandates</u> Jenifer DeCristofaro and Lovenberg and Associates <u>produce</u> and submit BHISD documents as <u>proof</u> and <u>evidence</u> at the October 9th Trial (239(8A) ADDENDUM A7) (ARGUMENT A, B, C, D)) (239(8A) (**FAR ADD.** 7);

- Without an expert, shown that subsequent to the issuance of BHISD documents to Landlord Bina, certain behaviors became illegal and retaliatory --- examples:  GL 239(8A)(ADDENDUM A7) (ARGUMENT B) (**FAR ADD.** 2-11);

- Without an expert, shown what Jenifer DeCristofaro and Lovenberg and Associates should have done differently at Trial --- the <u>2 step causal link</u> to achieve, if not total success, at least <u>the possibility of success</u> (ARGUMENT B);

- Without an expert, shown that <u>all genuine issues and essential</u> <u>elements</u> --- CounterClaims (except emotional distress) would have been proved (ARGUMENT B);

- And without an expert, shown the negligent omission of BHISD documents  (APP. 130 — 136) which activate the Landlord-Tenant Authorities (239(8A) ADDENDUM 7) and other Documents (APP. 118-153, some of which would be relevant and admissible in

*17*

proving the CounterClaims) as proof and evidence at Trial
(ARGUMENT B) caused Appellant Haddad to lose the possibility
of success, and caused the proximate loss of, if not the
actual and direct loss of damages.

Therefore, Appellant Haddad has shown, without an expert that
the negligent omission of BHISD documents and other documents
which prove the CounterClaims by Jenifer DeCristofaro and
Lovenberg and Associates was a departure from the <u>requisite
standard of care</u> and was egregious obvious and harmful.

<u>Although expert testimony is generally required</u> Appellant Haddad
has satisfied the Legal Standards to support and prove the claim
of Legal Malpractice and Collusion without an expert.  Please
see <u>Glidden vs. Terranova</u> 427N.E. 2d 1169 12 MASS. A.C. 597
(1981) (ADDENDUM A12) <u>Pongonis vs. Saab</u>, 396 MASS. 1005 (1985)
(ADDENDUM A18) (**<u>FAR ADD.</u> 12-19**).

A layperson and a jury at trial with common sense, common
knowledge and without an expert knows that lawyers submit
documents as evidence in Court.  That is what Jenifer
DeCristofaro should have done at the October 9th Trial, submit
important, significant, relevant and admissible documents as
proof and evidence to support her verbal arguments, to

*18*

corroborate her Client Haddad's testimony, buttress and prove
her CounterClaim document, expose Landlord Bina's
transgressions, impugn Landlord Bina's integrity and rebut
Robert Russo's closing arguments.

A layperson and jury at Trial with common sense, common
knowledge and without an expert would recognize that Jenifer
DeCristofaro's omission of documentary evidence as proof and
evidence at October 9th Trial was egregious, obvious and harmful
and infer Legal Malpractice and Collusion.

This is what Jenifer DeCristofaro and Associates should have
done differently --- the causal link --- to achieve the
possibility of success at Trial ---

1st step --- produce and submit as evidence and proof, BHISD
documents as prescribed (239(8A) FAR ADD. 7)

2nd step --- produce and submit other documentation as proof and
evidence to prove the CounterClaims. (ARGUMENT B)

Appellant Haddad has proved Jenifer DeCristofaro and Lovenberg
and Associates did not follow the simple straightforward 2-step
process.  Hence, Appellant Haddad has proved, without an expert,
legal malpractice and collusion.

19

The Massachusetts Appeals Court in 1981 established
precedent when the Court ruled that in a malpractice
case arising from negligence to defend (at the October
9th Trial), Defense Lawyers (Jenifer DeCristofaro and
Lovenberg & Associates) have the burden of proving
that the defendant (Haddad) had no defense, absent the
negligence (the Omission of BHISD). (See Glidden vs.
Terranova 427 N.E. 2d 1169 12 MASS. APP. CT. 597
(1981) Addendum A 12).  Because the Appellant
Defendant Haddad does not bear the burden of proof,
the Appellate Division of the BMC is remiss and in
error when the Court states, "Mr. Haddad could not
meet his burden of proof in the Malpractice Action."


If Jenifer DeCristofaro and Lovenberg & Associates had
not been negligent and had produced and submitted
BHISD Reports as proof and evidence at the October 9th
Trial, as encoded in Landlord-Tenant Laws of the
Commonwealth (Argument A) (Addenedum 2-11) (239(8A)
Addendum A 7), Defendant Appellant Haddad would have
had a DEFENSE (239(8A) Addendum A 7). FAR ADD. 7
FAR ADD. 12-17

20
48

Therefore, Appellant Haddad respectfully requests
this Honorable High Court vacate the Lower Court
Judgments and allow this case to proceed to Jury
Trial.

*Respectfully Submitted,*

Robert M. Haddad, PRO SE
19 Myrtle Street #406
Boston, MA  02114
617.248.9583

21

## CERTIFICATE OF SERVICE

Under the pains and penalties of perjury
I, Robert M. Haddad, Appellant Pro Se,
certify that I have, on this day, sent a
copy of the Application for Further
Appellate Review to the Attorney for
Appellees (Jenifer DeCristofaro and
Lovenberg and Associates).

            Christopher Flanagan
            Wilson Elser
            260 Franklin Street, 14th Floor
            Boston, MA  02110


Via: *U.S CERTIFIED MAIL*

            DATE:

            *Robert M. Haddad*
            _____
            Robert M. Haddad
            Pro Se

            19 Myrtle Street #406
            Boston, MA 02114
            617.248.9583

22

# COMMONWEALTH OF MASSACHUSETTS

### APPEALS COURT CLERK'S OFFICE
John Adams Courthouse
One Pemberton Square, Suite 1200
BOSTON, MASSACHUSETTS 02108-1705
(617) 725-8106

January 15, 2010

Robert Haddad
19 Myrtle Street, #406
Boston, MA 02114

RE:      No. 2009-P-0519
         Lower Ct. No.: 200601CV004732

**ROBERT HADDAD**
**vs.**
**JENIFER DECRISTOFARO & another**

NOTICE OF DECISION

Please take note that on January 15, 2010, the court issued the following decision in the above-referenced case:

Decision: Rule 1:28 (T GM V). Decision and order of the Appellate Division affirmed. *Notice. (See image on file.)

A copy of the court's opinion in the case will be available on http://www.massreports.com beginning at 10:00 a.m. today. (If the opinion is identified above as a Full or Rescript opinion, go to the Slip Opinions section of the website, and then choose Appeals Court, Opinions. If the opinion is identified as a Rule 1:28 decision, go to the Unpublished Decisions section of the website, and then search for the opinion by specifying its Docket Number, using the format 09-P-123.) The clerk's office will not be mailing a copy of the decision to you.

All counsel and self-represented litigants can register with the Appeals Court to received e-mail notification of certain Appeals Court docket entries (e.g., actions, orders, and decisions) and of the scheduling of an oral argument in an appeal in which they are participating. To register, the attorney or self-represented litigant must send an e-mail containing their name, BBO number (if applicable), and e-mail address to: enoticesignup@appct.state.ma.us . For further information, please refer to the Appeals Court's website, http://www.mass.gov/courts/appealscourt .

Very truly yours,

The Clerk's Office

Dated: January 15, 2010

23

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

09-P-519

ROBERT M. HADDAD

<u>vs</u>.

JENIFER DECRISTOFARO & another[1].

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 1:28</u>

The plaintiff appeals the grant of summary judgment against him by the Boston Municipal Court (BMC) and the Appellate Division's affirmance of the BMC's dismissal based on that decision.  The underlying action is a malpractice claim against the plaintiff's attorneys, who represented him before Boston Housing Court.  The BMC judge granted summary judgment for the defendants because he found that, as the defendants' performance was not obviously below the standard of care, the plaintiff had to proffer expert testimony to have a "reasonable expectation of proving an essential element of [his] case," and failed to obtain expert evidence relating to the standard of care in housing cases.  As such, the plaintiff's suit was ripe for summary judgment and dismissal.

There was no error in the dismissal.  Establishing the duty of care is an essential element of a legal malpractice claim. See <u>Correia</u> v. <u>Fagan</u>, 452 Mass. 120, 127 (2008).  Moreover, the BMC judge correctly recited the governing legal principle that

_____

[1] Lovenberg & Assoc.

24

"[e]xpert testimony is generally necessary to establish that the attorney failed to meet the standard of care owed by an attorney in a particular case." <u>Frullo</u> v. <u>Landenberger</u>, 61 Mass. App. Ct. 814, 817 (2004), quoting from <u>Pongonis</u> v. <u>Saab</u>, 396 Mass. 1005, 1005 (1985).  Even viewing the record in a light most favorable to the plaintiff, the BMC judge reasonably concluded that expert testimony was necessary to define the duty of care and demonstrate its breach.

<u>Decision and order of the Appellate Division affirmed</u>.

By the Court (Trainor, Graham & Vuono, JJ.),

Clerk

Entered:  January 15, 2010.

2

25

# *FAR* ADDENDUM

## TABLE OF CONTENTS

### AUTHORITIES

(From ADDENDUM to Brief submitted                    **FAR. ADD.**
        at the Appeals Court)                          **Pages**


Massachusetts Statutes (A. 2-7)                          2-7

Massachusetts Regulations (A 8-11)                      8-11

Glidden vs. Terranova (A 12-17)                        12-17

Pongonis vs. Saab (A 18-19)                            18-19

### DOCUMENTS

(From Record Appendix submitted at Appeals Court)


Boston Housing Inspectional Services
Dept. Documents (APP. 130-136)                         20-26

August 1st, 2003 BHC Hearing
Partial Tape Transcript (APP. 12-16)                   27-31

CounterClaims Document (APP. 23-31)                    32-40

Trial Exhibit List (APP. 100)                            41

Judge Pierce Remark "Did not produce
BHISD Documents at Trial" (APP. 33)                      42

Russo's Closing Arguments "No evidence
whatsoever" (APP. 177-179)                             43-47

*FAR ADD. 1*

## A. MASSACHUSETTS STATUTES

### GL 12 [11(I)]

Any person whose exercise or enjoyment of rights, secured by constitution or laws of the U. S. or of rights secured by the constitution or laws of the Commonwealth, has been interfered with or attempted to be interfered with, as described in Section GL 12 and 11 (H), may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages.  Any aggrieved person or persons who prevail in an action authorized by this section shall be entitled to an award of the costs of the litigation and reasonable attorney's fees in an amount to be fixed by the Court.

A2

FAR. ADD. 2

**GL 93A (2A)**

Unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

LAWS

FAR. ADD. 3

A3

## GL 186 (13)

Whenever a Tenancy at will of premises occupied for dwelling purposes is terminated without fault of the Tenant . . . by the act of the Landlord. . . no action to recover possession of the premises shall be brought nor shall Tenant be dispossessed until after the expiration of thirty days from the time when the Tenant receives notice in writing of such termination. . .

FAR. ADD. 4

**GL 186 (18)**

Any person who threatens to or takes reprisal against any Tenant for the Tenant's act of commencing administrative action. . . which as has its objective the regulation of residential premises. . . shall be liable for damages which shall not be less than one month's rent or more than three months rent, or the actual damages sustained by Tenant, whichever is greater and the costs of the suit, including reasonable attorney's fees.

FAR ADD. 5

## GL 239 (2A) Lines 14-28

The commencement of such action against Tenant or sending of notice to quit upon which the summary process action is based. . . the purpose of which is to materially alter the Terms of Tenancy within six months after the Tenant has . . . made such report. . . shall create a rebuttal presumption that summary process action is reprisal against the Tenant. . .

FAR ADD. 6

### GL 239 (8A) Lines 38 – 45

Proof that the premises are in violation of standard of fitness for human habitation established under the State Sanitary Code. . . shall create a presumption that conditions existed on the premises entitling the Tenant to a Counterclaim or defense.

### GL 239 (8A) Lines 45 – 52

Proof of written notice to owner of an inspection of the premises by BOSTON HOUSING INSPECTIONAL SERVICES. . . shall create a presumption that on the date such notice was received such person knew of the conditions revealed by such inspection and mentioned in such notice.

FAR ADD. 7

A7

# B. MASSACHUSETTS REGULATIONS

## 940 CMR 3.08 (2) WARRANTIES

It shall be unfair and deceptive act or practice to fail to perform or fulfill any promises or obligations arising under a warranty.

## 940 3.17 LANDLORD-TENANT

(1) Conditions and Maintenance of Dwelling

It shall be unfair and deceptive act or practice for owner to _____ _____

## 940 3.17 (1) (B) (1)

Fail during Terms of Tenancy after notice is provided to _____

(1) remedy a violation of law in a dwelling unit which may endanger or materially impair the health, safety and well being of occupant or

FAR ADD. 8

A8

**940 3.17 (1) (B) (2)**

(2) maintain the dwelling in a condition fit for human habitation provided however that said violation of law was not caused by the occupant.

FAR ADD. 9

A9

**940 CMR 3.17 (1) (F)**

Fail to provide services after making of any

representation or AGREEMENT that such services would

be provided during the Term or any portion of the Term

of the Tenancy AGREEMENT.

**940 CMR 3.17 ( 1)  (I)**

Fail to comply with the State Sanitary Code or **any** other

law applicable to the conditions of a dwelling unit within

a reasonable time after notice of violation of such code or

law from the Tenant or agency.

**940 CMR 3.17 (6) (B)**

Retaliate or threaten to retaliate in any manner against a

Tenant for exercising or attempting to exercise any legal

rights as set forth under GL 186 and 18.

FAR ADD. 10

## C. THE CIVIL RIGHTS ACT OF 1871

### (Now see 42 U.S.C. 1983)

Every person who, under color, of any statue, ordinance, regulation, custom or usage of any state or territory, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and laws shall be liable to the party injured in any action at law, suit in equity or other proceedings.

FAR ADD. 11

A11